Cuma, per
Nott, J.
The Chancellor concludes his decree by observing — It is then my opinion that Robert N. How and Thomas How are entitled, not in the character of denizen or citizen, but of alien devisees, to take and hold the lands devised to them till office found against them in behalf of the state. The correctness of that opinion is the only' question now submitted to the consideration of this Court. And it is the unanimous opinion of the Court that it is well supported by the numerous authorities relied on in the decree. It is contended however that whatever may be the English law upon the subject, it is incompatible with the principles of our government, that an alien devisee should take by purchase, when there is a more remote relation who can take as heir. If that question were now for the first time to be considered in this country, the argument might perhaps have been entitled to great consideration. But in the case of Sheaf v. O’Neal, 1 Mass. Rep. 256, it is held, that an alien can not only take and hold, but that he may convey. In the case of Fairfax’s Devisee v. Hunter's Lessee, 7 Cranch, 603, it is held that an alien *382 devisee may take and hold until office found, although there was a nephew who might have taken as heir. That is a case of high authority, for it is supported by the una-mmous opinion of all the Judges of the Supreme Court of the United, States who were then present. Judge JohNson differed in opinion with the Court on another ground. But with regard to that question, he expresses his unequivocal approbation of the opinion of his brethren. There are other cases in which the same principle has been recognized. This Court therefore does not feel authorized to introduce the innovation which has been contended for. In the case of Scott v. Cohen, alluded to in the decree, the Constitutional Court decided nothing more, than that as the Court of Equity had previously settled the rights of the parties to the land in question, that decision should be conclusive, dnd the Court of Law would not look into the case. The Judge who delivered the opinion of the Court does take occasion to say, that lands cannot descend to an alien. But no opinion is given as to the right of an alien devisee. The decree of the Chancellor is affirmed.

Decree qffi,rmed

(1)

.

 In this country where there is a failure of inheritable blood by reason of alienage, the lands do not escheat but go to the next of kin. Escheator of Charleston District v. Orsborn, January 1812, MS. The same v. White. See also 7 Johns. Rep. 214. For the English rule on the subject, see Coke Littleton, Craig on the Law of Feuds, and Charles Yorbe’s Treatise on the Law of Forfeitures.